# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ROSS LEFEVER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>LAKE,<br><br>　　　　Respondent. | Case No. 1:19-cv-00294-DAD-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 12) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California. (ECF No. 1 at 1).[1] Petitioner pleaded guilty in the United States District Court for the Southern District of Georgia to five counts of Hobbs Act robbery and one count of attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and to one count of using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). (ECF No. 1 at 2, 10; ECF No. 12-1 at 2–19). On September 10, 2008, Petitioner was sentenced to an aggregate imprisonment term of 322 months, which included a consecutive 82-month term for the § 924(c) conviction. (ECF No. 1 at 11). On September 14, 2009, the Eleventh Circuit affirmed the judgment. United States v. Lefever, 343 F. App'x 595 (11th Cir. 2009).

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

On June 8, 2011, the United States District Court for the Southern District of Georgia denied Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (ECF No. 1 at 4; ECF No. 12-1 at 35–63). On February 23, 2016, the Eleventh Circuit denied Petitioner's application to file a second or successive § 2255 motion based on Descamps v. United States, 570 U.S. 254 (2013). (ECF No. 12-1 at 77–81). On June 7, 2016, the Eleventh Circuit denied Petitioner's application to file a second or successive § 2255 motion based on, inter alia, Johnson v. United States, 135 S. Ct. 2551 (2015), and Alleyne v. United States, 570 U.S. 99 (2013). (ECF No. 1 at 84–97). On November 28, 2018, the Eleventh Circuit denied Petitioner's application to file a second or successive § 2255 motion based on Sessions v. Dimaya, 138 S. Ct. 1204 (2018), and Johnson. (ECF No. 12-1 at 108–16).

On March 4, 2019, Petitioner filed the instant petition for writ of habeas corpus. (ECF No. 1). Therein, Petitioner raises the following claims for relief: (1) improper sentencing guideline range increase under United States Sentencing Guideline ("USSG") § 4B1.1 without proving second-degree nonviolent burglary as predicate offense; (2) erroneous sentence for brandishing a firearm when Petitioner was indicted for possession of a firearm; and (3) erroneous conviction under 18 U.S.C. § 924(c) because Hobbs Act robbery is not a crime of violence. (ECF No. 1 at 6–7). Respondent filed a motion to dismiss the petition for lack of jurisdiction, and Petitioner filed an opposition. (ECF Nos. 12, 14).

## II.

## DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

///

Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." Alaimalo, 645 F.3d at 1047 (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez v. Campbell, 204 F.3d 861, 864–65 (9th Cir. 2000) (per curiam). The Ninth Circuit has recognized that it is a very narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under § 2255 is procedurally barred. Id. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

"An inquiry into whether a § 2241 petition is proper under these circumstances is critical to the determination of district court jurisdiction" because § 2241 petitions must be heard in the custodial court while § 2255 motions must be heard in the sentencing court. Hernandez, 204 F.3d at 865. If the instant petition is properly brought under 28 U.S.C. § 2241, it may be heard in this Court. Conversely, if the instant petition is in fact a disguised § 2255 motion, it must be heard in the United States District Court for the Southern District of Georgia as the sentencing court.

A petitioner may proceed under § 2241 pursuant to the savings clause when the petitioner "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens, 464 F.3d at 898 (citing Ivy, 328 F.3d at 1060). In the Ninth Circuit, a claim of actual innocence for purposes of the § 2255 savings clause is tested by the standard articulated by the Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 F.3d at 898. In Bousley, the Supreme Court explained that "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." 523 U.S. at 623 (internal quotation marks and citation omitted). Furthermore, "actual innocence means factual innocence, not mere legal insufficiency." Id.

The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is

3

procedurally barred. See Ivy, 328 F.3d at 1060 ("In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion."). To determine whether a petitioner never had an unobstructed procedural shot to pursue his claim, the Court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Harrison, 519 F.3d at 960 (quoting Ivy, 328 F.3d at 1060–61). "An intervening court decision must 'effect a material change in the applicable law' to establish unavailability." Alaimalo, 645 F.3d at 1047 (quoting Harrison, 519 F.3d at 960). That is, an intervening court decision must "constitute[] a *change* in the law *creating a previously unavailable* legal basis for petitioner's claim." Harrison, 519 F.3d at 961 (second emphasis added) (citing Ivy, 328 F.3d at 1060).

**A. USSG § 4B1.1**

In his first claim for relief, Petitioner argues that he is actually innocent of being a career offender under USSG § 4B1.1 because "in the current legal landscape," Petitioner's South Carolina second-degree nonviolent burglary conviction no longer counts as a predicate offense. (ECF No. 1 at 6, 18). Petitioner cites to Johnson v. United States, 135 S. Ct. 2551 (2015), and Sessions v. Dimaya, 138 S. Ct. 1204 (2018), in support of this claim. (ECF No. 1 at 18).

Relief pursuant to § 2241 is foreclosed by Marrero v. Ives, 682 F.3d 1190 (9th Cir. 2012), in which the Ninth Circuit held that "the purely legal argument that a petitioner was wrongly classified as a career offender under the Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch." Id. at 1195. As Petitioner has not established a cognizable claim of actual innocence for purposes of qualifying for the escape hatch, Petitioner may not proceed under § 2241 with respect to his first claim for relief.

**B. "Brandishing" of Firearm**

In his second claim for relief, Petitioner appears to argue that the district court erroneously sentenced him to 82 months on count 13 for brandishing a firearm pursuant to 18 U.S.C. § 924(c)(1)(A)(ii). Petitioner contends he was indicted for possession or use of a firearm

during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i), and the evidence showed only possession. Petitioner asserts that he is factually and legally innocent of brandishing. (ECF No. 1 at 7, 13; ECF No. 14 at 2).

Contrary to Petitioner's argument, the plea agreement reflects that count 13 charged Petitioner with a violation of 18 U.S.C. § 924(c)(1)(A)**(ii)** and Petitioner pleaded guilty to count 13 as charged. (ECF No. 12-1 at 12). Further, as this claim is not based on newly discovered evidence or a change in the law, Petitioner had prior opportunities to raise this actual innocence claim on direct appeal and in his first § 2255 motion. As Petitioner has failed to establish he never had an "unobstructed procedural shot" at presenting the claim that he was actually innocent of brandishing a firearm, Petitioner does not qualify for the escape hatch and may not proceed under § 2241 with respect to his second claim for relief.

**C. Hobbs Act Robbery**

In his third claim for relief, Petitioner asserts that because Hobbs Act robbery is not a crime of violence, Petitioner is actually innocent and his conviction under 18 U.S.C. § 924(c) should be overturned. (ECF No. 1 at 7, 21). Respondent argues that Petitioner erroneously attacks the constitutionality of § 924(c)(3)(B)'s residual clause rather than demonstrate actual innocence of his conviction under § 924(c)(3)(A)'s force clause. (ECF No. 12 at 5).

Section 924(c) proscribes a mandatory consecutive imprisonment term for using or carrying a firearm "during and in relation to any crime of violence," 18 U.S.C. § 924(c)(1)(A), which is defined as "an offense that is a felony and—"

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). "Clause (A) of this definition is known as the 'force clause' and clause (B) is known as the 'residual clause.'" United States v. Watson, 881 F.3d 782, 784 (9th Cir. 2018) (per curiam), cert. denied, 139 S. Ct. 203 (2018) (mem.).

///

The Supreme Court recently held that 28 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. United States v. Davis, No. 18-431, slip op. at 24 (U.S. June 24, 2019). Regardless, Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)'s force clause. See United States v. Howard, 650 F. App'x 466, 468 & n.2 ("conclud[ing] that Hobbs Act robbery qualifies as a crime of violence under § 924(c)'s force clause"); United States v. St. Hubert, 909 F.3d 335, 345 (11th Cir. 2018) ("[T]his Court has already held that Hobbs Act robbery . . . independently qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause."), cert. denied, 139 S. Ct. 1394 (2019).[2] Accordingly, Petitioner has not established a cognizable claim of actual innocence for purposes of qualifying for the escape hatch, and he may not proceed under § 2241 with respect to his third claim for relief.

## III.

## RECOMMENDATION

Accordingly, the undersigned HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 12) be GRANTED; and
2. The petition for writ of habeas corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within

---

[2] The First, Second, Third, Fifth, Sixth, Seventh, Eighth, and Tenth Circuits have also held that Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)'s force clause. See United States v. Garcia-Ortiz, 904 F.3d 102, 109 (1st Cir. 2018); United States v. Melgar-Cabrera, 892 F.3d 1053 (10th Cir. 2018); United States v. Hill, 890 F.3d 51, 52 (2d Cir. 2018); United States v. Gooch, 850 F.3d 285, 292 (6th Cir. 2017); United States v. Buck, 847 F.3d 267, 274–75 (5th Cir. 2017); United States v. Anglin, 846 F.3d 954, 965 (7th Cir.), vacated and remanded on other grounds, 138 S. Ct. 126 (2017); United States v. Robinson, 844 F.3d 137, 140–41 (3d Cir. 2016); United States v. House, 825 F.3d 381, 387 (8th Cir. 2016).

the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 26, 2019**

UNITED STATES MAGISTRATE JUDGE