UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ROSS LEFEVER, | No. 1:19-cv-00294-DAD-SAB (HC) |
| Petitioner, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING FOR LACK OF JURISDICTION |
| LAKE, | |
| Respondent. | (Doc. Nos. 12, 15) |

Petitioner Christopher Ross LeFever is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus purportedly brought pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 27, 2019, the assigned magistrate judge issued findings and recommendations, recommending that respondent's motion to dismiss be granted and the petition for writ of habeas corpus be dismissed for lack of jurisdiction due to petitioner's failure to satisfy the necessary criteria to be allowed to seek relief by way of § 2241 petition pursuant to the savings clause of 28 U.S.C. § 2255(e). (Doc. No. 15.) The findings and recommendations were served on both parties and contained notice that any objections thereto were to be filed within fourteen (14) days of service. (*Id.*) The court subsequently granted petitioner a thirty-day extension of time to file

1

objections. (Doc. No. 18.) Nonetheless, to date, no objections have been filed and the time in which to do so has now passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and proper analysis.

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, as an appeal is only allowed under certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003); 28 U.S.C. § 2253. Specifically, an appeal from a denial of a successive petition under 28 U.S.C. § 2255 that is disguised as a § 2241 petition requires a certificate of appealability. *Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008); *Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001). The court may only issue a certificate of appealability when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the court concludes that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that petitioner is not entitled to federal habeas corpus relief wrong or debatable, and they would not conclude that petitioner is deserving of encouragement to proceed further. Therefore, the court declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on June 27, 2019 (Doc. No. 15) are adopted in full;

2. Respondent's motion to dismiss (Doc. No. 12) is granted;

3. The petition for writ of habeas corpus (Doc. No. 1) is dismissed with prejudice for lack of jurisdiction;

4. The Clerk of Court is respectfully directed to close the case; and

5. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **December 16, 2019**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE